## UNITED STATES *v.* AMSDEN and others.

*(District Court, D. Indiana.* May 4, 1881.)

1. INDICTMENT—VIOLATION OF THE FEDERAL ELECTION—SECTION 5507, REV. ST., *i. e.*, SECTION 5 OF THE ACT OF MAY 31, 1870, KNOWN AS THE "ENFORCEMENT ACT," (16 ST. 140.)

(1) The fifteenth amendment considered, and *held*, that the power of congress to legislate upon the right of voting at state elections rests upon this amendment, and is limited to prohibitions against discriminations on account of race, color, or previous condition of servitude; and it is further limited to prohibitions of such discrimination by the United States, the states, and their officers, or others claiming to act under color of laws within the prohibition of the amendment.

(2) Section 5507, Rev. St., which is section 5 of the act of May 31, 1870, (16 St. 140,) known as the "Enforcement Act," is *not* authorized by the fifteenth amendment, because it is not so limited. The essential element of discrimination on account of race, color, etc., is wanting. The phrase, "to whom the right of suffrage is guarantied by the fifteenth amendment," which distinguishes this section from certain other sections of the same act, does not save it from these objections. That phrase is not the equivalent of a phrase limiting the prescribed acts to discriminations on account of race, color, etc. The

section is objectionable for the further reason that it attempts to punish individuals acting on their own responsibility, and not as officers of the United States, or of a state, or otherwise, under pretended authority of laws prohibited by the fifteenth amendment.

Indictment. Motion to Quash.

*Chas. L. Holstein,* U. S. Att'y, and *L. H. Richardson,* Ass't, for the Government.

*T. A. Hendricks, Lewis Jordan,* and *O. J. Glessner,* for defendants.

Gresham, D. J. The indictment contains six counts, all based upon section 5 of what is known as the "Enforcement Act," (16 St. 140; Rev. St. § 5507.) The first count charges that on the fifth day of April, 1880, an election was held under the laws of Indiana for township officers, in and for Addison township, Shelby county, Indiana; that Thomas Wilson, a colored man, was then and there a citizen and an inhabitant of said township, to whom the right of suffrage was guarantied by the fifteenth amendment to the constitution of the United States, and a legal voter at said election; and that by threats of violence the defendants hindered, prevented, and intimidated the said Wilson from exercising the right of suffrage at said election so guarantied to him by the fifteenth amendment. The remaining counts need not be noticed further than to say that on the motion to quash they present the same questions as the first. Section 1 of the enforcement act provides that all citizens of the United States, who are otherwise qualified, shall be entitled to vote at all elections, without distinction of race, color, or previous condition of servitude, any constitution or law of the state to the contrary notwithstanding. This section, however, provides no punishment for its violation. Section 2 provides that officers whose duty it is to afford opportunity to citizens to perform an act which by the constitution or laws of any state is made a prerequisite or qualification of voting, who refuse or knowingly omit to furnish the required opportunity on account of race, etc., shall be punished for misdemeanor. Section 3 provides that an offer by any citizen to perform the act which is a prerequisite or qualification of voting shall have the same

effect as performance, and any judge or inspector of election who shall wrongfully refuse or omit to receive or count the vote of such citizen, when furnished by him with his affidavit showing that he has made such offer, shall be punished, etc. Section 4 provides that any person who by force, bribery, threats, intimidation, or other unlawful means, hinders, delays, prevents, or obstructs, or combines with others to hinder, delay, or obstruct, any citizen from doing any act required to be done to qualify him to vote or from voting at any election, shall be punished, etc. Section 5 reads as follows: "Section 5. And be it further enacted, that if any person shall prevent, hinder, control, or intimidate, or shall attempt to prevent, hinder, control, or intimidate any person from exercising or in exercising the right of suffrage, to whom the right of suffrage is secured or guarantied by the fifteenth amendment to the constitution of the United States, by means of bribery, threats, or threats of depriving such person of employment or occupation, or of ejecting such person from rented houses, lands, or other property, or by threats of refusing to renew leases or contracts for labor, or by threats of violence to himself or family, such person so offending shall be deemed guilty of a misdemeanor, and shall, on conviction thereof, be fined not less than $500, or be imprisoned not less than one month nor more than one year, or both, at the discretion of the court." Section 6 provides that if two or more persons shall band together, or go in disguise on the public highway, or upon the premises of another, with intent to violate any provision of the act, or to injure, oppress, threaten, or intimidate any citizen with intent to prevent or hinder his free enjoyment of any right secured to him by the constitution and laws of the United States, or because of his having exercised the same, such persons shall be deemed guilty of felony.

The fifteenth amendment, which, it is claimed by the government, authorizes the enactment of the fifth section of the "enforcement act," reads as follows: "Section 1. The right of citizens of the United States to vote shall not be denied or abridged by the United States, or by any state, on account of

race, color, or previous condition of servitude. Sec. 2. The congress shall have power to enforce this article by appropriate legislation."

In the case of *The United States* v. *Reese,* (92 U. S. 214,) it is held that the fifteenth amendment does not confer the right of suffrage, but it invests citizens of the United States with the right of exemption from discrimination in the exercise of the elective franchise on account of their race, color, or previous condition of servitude; that the power of congress to legislate at all upon the subject of voting at state elections rests upon this amendment, and can be exercised by prescribing punishment only when the wrongful refusal to receive the vote of a qualified elector is because of his race, etc., and that the third and fourth sections of the enforcement act are unauthorized by the fifteenth amendment, and void, because they are not confined in their operation to unlawful discrimination on account of race, etc.

The right to vote in the states comes from the states, while only the right of exemption from discrimination comes from the United States. The prohibition against discrimination is against the United States and the states, and not against individuals. The first section of the amendment is self-executing, and of its own force renders void all legislation, state or national, which discriminates against citizens of the United states on account of their race, color, or previous condition of servitude. States might, however, venture upon prohibited legislation, and it is competent for congress to provide for the punishment of persons who, under the pretended authority of such prohibited legislation, deprive or attempt to deprive citizens of the United States of their right to vote. Undoubtedly, congress may forbid the enforcement of all laws which abridge the rights of citizens to vote on account of their race, etc.; and further provision may be made for the adequate punishment of state or other officers or persons who assume the responsibility of enforcing such laws. But this congress did not do or attempt to do by the fifth section. By this section punishment is declared against those who, in any of the specified ways, endeavor to prevent "any person

from exercising or in exercising the *right of suffrage, to whom the right of suffrage is secured or guarantied by the fifteenth amendment.*" Punishment is not limited to acts of discrimination on account of race, etc., and we have already seen that the right of suffrage is not guarantied by the fifteenth amendment. It is not an offence against the laws of the United States to prevent a citizen, white or black, from voting at a state election by violence or otherwise. A further element is necessary in such a case to subject the offender to federal jurisdiction and punishment. The violence or other act which is resorted to must be done on account of the voter's race, etc.

In *U. S.* v. *Cruikshank*, 92 U. S. 542, certain counts of the indictment, which was based upon section 6 of the enforcement act, charge the "intent of the defendants to have been to hinder and prevent the citizens named, being of African descent and color, in the exercise and enjoyment of their several and respective right and privilege to vote." In delivering the opinion of the court, Chief Justice Waite said: "Inasmuch, therefore, as it does not appear in these counts that the intent of the defendants was to prevent these parties from exercising their right to vote on account of their race, etc., it does not appear that it was their intent to interfere with any right granted or secured by the constitution or laws of the United States. We may suspect that race was the cause of the hostility, but it is not so averred. This is a material description of the substance of the offence, and cannot be supplied by implication." The essential element of discrimination on account of race, etc., is wanting, both in the indictment and the section upon which it is based, and for that reason the indictment is bad, and the section is unauthorized by the fifteenth amendment.

It was a local state election at which it is charged that Wilson was prevented from voting. No law of the state is complained of, and no election or state officer is charged with wrong-doing. The allegation is that Wilson, a colored man, and a citizen of the United States, was prevented by the defendants from exercising the right of suffrage at the town-

ship election, and that this right was guarantied to the assailed person by the fifteenth amendment. The federal government can exercise only such powers as have been conferred upon it, and, however reprehensible the acts described in the indictment may be, unless they are done on account of race, etc., and under the authority of legislation which is prohibited by the fifteenth amendment, it is the exclusive province of the state to punish the offenders. The district attorney attaches importance to the language in section 5, "to whom the right of suffrage is secured or guarantied by the fifteenth amendment," and contends that this phrase saves the section from the objection that was found to sections 3 and 4. He further insists that with proper effect given to this phrase the section means that persons who, by any of the methods therein mentioned, prevent or attempt to prevent citizens of the United States from voting at any election on account of race, etc., shall be deemed guilty of misdemeanor. Such latitude of construction is not allowable, but if it were the objection to the section would remain, that instead of being limited in its operation to persons who act or claim to act under prohibited legislation, it provides for the punishment of individuals acting for themselves, irrespective of state laws and in States where there is no prohibited legislation. The motion to quash is sustained.